

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**TYRELL DELONTE JORDAN,**

     **Petitioner,**

  **v.**                                **CRIMINAL ACTION NO. 4:18-cr-8**

**UNITED STATES OF AMERICA,**

     **Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Tyrell Delonte Jordan's ("Petitioner") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 40. The government opposed the motion. ECF No. 42. This matter is now ripe for judicial determination.

### I. FACTUAL AND PROCEDURAL HISTORY

In May 2017, Petitioner, a convicted felon, sold a stolen firearm and .7498 grams of cocaine base to two confidential sources. ECF No. 17. On February 14, 2018, Petitioner was named in a two-count indictment charging Petitioner with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF No. 3. On April 3, 2018, Petitioner pleaded guilty to both counts in the indictment. ECF Nos. 15–17. On July 18, 2018, this Court sentenced Petitioner to 50 months in prison, followed by 3 years of supervised release. ECF Nos. 27–28.

Petitioner, age 32, is currently incarcerated at United States Penitentiary ("USP") Hazelton in Bruceton Mills, West Virginia. While in prison, Petitioner has maintained a clean disciplinary record, and has taken educational courses. ECF No. 40 at Exhibits 1, 2. Petitioner is scheduled to

be released on September 11, 2021.

On May 18, 2020, Petitioner filed a *pro se* Motion for Compassionate Release. ECF No. 36. This Court appointed counsel for Petitioner on May 20, 2020. ECF No. 37. Petitioner, through counsel, filed a revised Motion for Compassionate Release on June 4, 2020. ECF No. 40. In his motion, Petitioner acknowledges that he does not suffer from any underlying conditions recognized by the CDC that increases his risk of severe illness or death if he contracts the virus. ECF No. 40 at 2. However, Petitioner contends that COVID-19 is still a threat to otherwise young and healthy individuals, and therefore his incarceration places him at risk of contracting the virus. *Id.* Petitioner requests that this Court grant his compassionate release, or in the alternative, issue a non-binding recommendation that the BOP transfer him to home confinement for the remainder of his sentence. *Id.*

The Government opposed Petitioner's motion on June 19, 2020. ECF No. 42.

## II. LEGAL STANDARD

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and

compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). The Court, however, considers a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

A petitioner seeking a sentence reduction may bring a motion with the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Thus, a petitioner seeking compassionate release is generally required to exhaust

his or her administrative remedies prior to bringing a motion before the district court. *Id.* However, the exhaustion requirement may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) *citing Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). The COVID-19 pandemic, which could result in catastrophic health consequences for petitioners vulnerable to infection, implicates all three exceptions justifying the waiver of the exhaustion requirement. *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *Zukerman*, 2020 WL 1659880, at *3; *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *United States v. Gonzalez*, 2020 WL 1536155, at *2 (E.D. Wash. Mar. 31, 2020).

### III. DISCUSSION

As an initial matter, the Court addresses the government's argument that Petitioner has failed to meet the exhaustion requirement. ECF No. 42 at 8–19. This Court, as well as other district courts, has consistently waived the exhaustion requirement for petitioners who proffer vulnerability to COVID-19. *See e.g., United States v. Poulios*, N. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. April 21, 2020); *United States v. Casey*, No. 4:18-cr-4, 2020 WL 2297184, at *2 (E.D. Va. May 6, 2020); *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *Zukerman*, 2020 WL 1659880, at *3; *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *2. Therefore, the exhaustion requirement in this case is waived, and the Court will analyze Petitioner's motion for compassionate release on the merits.

The Court now turns to whether Petitioner has demonstrated a compelling and

extraordinary reason that justifies a sentence reduction. In his motion for compassionate release, Petitioner acknowledges that he currently does not suffer from any underlying conditions that increases his risk for severe illness if he contracts the virus. [1] ECF No. 40. Petitioner, however, cites concerns of contracting COVID-19 while in prison. *Id.*

The Court understands the magnitude of the COVID-19 pandemic and its unique effect on prisons. *See United States v. Esparza,* No. 1:07-cr-00294-BLW, 2020 WL1696084, at *1 (D. Idaho. April 7, 2020) (noting that "[e]ven in the best run prisons, officials might find it difficult if not impossible to follow the CDC's guidelines for preventing the spread of the virus among inmates and staff: practicing fastidious hygiene and keeping a distance of at least six feet from others"). However, this Court has previously held that the pandemic alone does not warrant an extraordinary and compelling reason for the release of all inmates. *See United States v. Briggs,* No. 4:17-CR-33, 2020 WL 4032136, at *2 (E.D.VA June 16, 2020) *citing United States v. Carter,* No. 2:19-CR-00078, 2020 WL 3458598, at *5 (S.D.W. Va. June 25, 2020) (noting that while any number of COVID-19 cases within a prison is of great concern, "a generalized assertion of the existence of the pandemic alone cannot independently justify compassionate release"). Federal courts around the country have particularly found extraordinary and compelling reasons for petitioners with underlying health conditions that substantially increases the risk of severe illness if they contract COVID-19. *Zukerman,* 2020 WL 1659880, at *5; *United States v. Rodriguez,* 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020); *United States v. Jepsen,* No. 3:19-CV-00073 (VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *United States v. Muniz,* No. 4:09-CR-0199-1, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna,* No. 16 CR. 78-

---

[1] Centers for Disease Control and Prevention, "People Who are at Higher Risk," *CDC.gov*, available at https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html
  Petitioner did not show extraordinary and compelling reasons warrant his release, therefore the Court need not re-examine the § 3553(a) factors.

01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). Petitioner is 32 years old and does not suffer from any underlying conditions that put him at higher risk for serious illness if he contracts the virus. While the Court understands Petitioner's concerns, a generalized concern of contracting the virus in prison is not enough to establish an extraordinary and compelling reason. And Petitioner has otherwise failed to demonstrate extraordinary and compelling reasons exist in his case.

Furthermore, the § 3553(a) factors weigh against Petitioner's compassionate release. Petitioner's criminal history and the seriousness of his conduct remain unchanged. ECF No. 23. Petitioner is a violent offender who sold drugs and a stolen firearm to confidential sources on separate occasions. ECF No. 17. Petitioner's criminal history includes violent offenses for assault and battery, carrying a concealed weapon, and malicious wounding. ECF No. 23 at 7–13. While on probation for another conviction, Petitioner committed the underlying offenses. *Id.* Though Petitioner has no disciplinary record and has taken some educational courses while in prison, rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). The sentence imposed on Petitioner is sufficient to serve the purposes set forth in § 3553(a), and in the absence of extraordinary and compelling reasons, the Court does not find a sentence reduction appropriate in this case. For this reason, the Court also declines to issue a non-binding recommendation that the BOP transfer Petitioner on home confinement.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States

Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States

Marshals Service.

**IT IS SO ORDERED**.

Newport News, Virginia
July 30, 2020

Raymond A. Jackson
United States District Judge